IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUVASIVE, INC., and THERMAL SURGICAL, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| A2 MEDICAL, INC., | ) ) |
| Defendant. | ) ) ) |

Civil Action No.

1:16-CV-12045-RGS

**STIPULATION AND ORDER CONCERNING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION**

WHEREAS, the parties to this action anticipate exchanging documents and information during the course of this action that either Plaintiffs or Defendant will assert contain confidential, proprietary, trade secret, or personal information concerning the parties, third persons and/or the events and occurrences forming the subject of this action;

The parties to this action, through their respective counsel of record, **HEREBY STIPULATE** to the following, and request that this Stipulation be entered as an Order of the Court:

1.  For the purposes of this Stipulation and [Proposed] Order Re Confidentiality of Documents and Information (the "Protective Order"), "Confidential Information" shall mean all documents, information or other materials (including the contents thereof) that contains sensitive non-public business information, proprietary, trade secret, or private information of a personal, financial or sensitive nature regarding: the parties to this action or any of their respective employees, contractors, suppliers, or customers. All information or material that the producing party believes in good faith fits within the above definition and is worthy of protection may be marked or designated "Confidential," to be treated in accordance with the provisions of this Protective Order.

2. Confidential Information produced in connection with this action may be used and retained for purposes of this action only.

3. Access to and/or disclosure of all or any part of the Confidential Information shall be permitted only to the following persons (the "Designated Persons"):

    (a) The parties to this action, including any person who joins this action as an opt-in.

    (b) Witnesses who are deposed by any party in this action.

    (c) Counsel for the parties to this action who are charged with responsibility for and are actively engaged in the preparation of this matter for trial and in the actual trial on this matter or any appeal therein ("Counsel"), and to Counsel's employees and independent contractors, such as paralegals, secretaries and clerical employees, who are actually involved in the preparation and/or trial of this action or any appeal therein.

    (d) Employees and independent contractors of the parties (other than Counsel's paralegals and assistants) hired or retained solely for the purpose of prosecuting or defending this action.

    (e) Experts and consultants retained by the parties to assist in the preparation and trial of this action.

    (f) Court reporters at deposition and trial or in connection with any hearing in this action.

    (g) The Judge in this action, the members of the jury, and all Court personnel.

4. All those Designated Persons identified in paragraphs 3(b), 3(d), and 3(e) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made shall, prior to such access or disclosure, be required to read this Protective Order and agree in writing to comply with its terms. If any such person fails or refuses to agree in writing to comply with the terms of this Protective Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at

that time. The parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

5. Confidential Information may be used solely in connection with this action, including but not limited to for the purposes of motions, hearings, briefs, preparation for trial, and trial. Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstracts or index thereof.

6. This Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Protective Order, currently has access to, or possession of, Confidential Information.

7. If Confidential Information is disclosed at a deposition, whether by testimony or as exhibits, only those persons may be present who are authorized by the terms of this Protective Order to have access to such material. Either party may designate portions of the transcript as confidential by notifying the other party on the record at the time of the testimony, or in writing within fourteen days of receipt of the transcript of the pages and lines that contain Confidential Information. All parties shall treat deposition transcripts as Confidential Information in their entirety during the fourteen-day designation period.

8. No modification or other change to this Protective Order shall be effective unless it is in writing and signed by all counsel of record, or has been reduced to an Order of the Court.

9. By agreeing to the procedures set forth in this Stipulation, none of the parties agrees to produce any documents or waives or prejudices any objection he or it may have to the production of any documents. Nothing contained herein shall prejudice the right of a party to object to the production of any documents. In addition, the fact that a party has entered into this Protective Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges). This

Protective Order does not prejudice the right of any party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

    (a)    a further Protective Order relating to any discovery in this action; or,

    (b)    an Order declaring that a document or information designated as "Confidential" is not confidential and should not be subject to this Protective Order; and likewise does not prejudice the right of any party to object to any such application or motion.

10. If any information designated as Confidential is inadvertently produced without being marked in accordance with this Protective Order, the failure to so mark the document or other material shall not be deemed a waiver. Until the document or other material is designated as Confidential by the party producing it, the party discovering the document or material shall be entitled to treat it as non-confidential. When the document or material is designated as Confidential, however, counsel to the party discovering it shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential or returned to the party producing the document or material for "Confidential" designation pursuant to paragraph 1 of this Protective Order.

11. Documents containing Confidential Information (including confidential portions of documents or transcripts) or any document that discloses the substance or content of Confidential Information, used in connection with any motion, other written submission, hearing or trial in this action, shall be filed only in compliance with Local Rule 7.2, and only after providing ten days' prior written notice to the Disclosing Party of the intent to file such documents, so that the Disclosing Party will have a reasonable opportunity in which to make an application to the Court requesting that the Confidential Information be filed under seal. If no such application is made, the party who has filed the Confidential Information shall publicly file a complete version of the filing. The parties may also meet and confer and agree in advance to another manner for the submission of Confidential Information contained in court filings.

12. All Confidential Information produced during discovery, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be: (1) returned to the producing parties within sixty (60) days after final determination of this action; or (2) destroyed by the party possessing such Confidential Information within sixty (60) days after final determination of this action.  In the event a party chooses the latter option, the party shall provide the other parties with a certificate attesting to such destruction within ten (10) days after such destruction occurs.  Nothing herein shall prohibit counsel from retaining copies of its work product referencing or otherwise discussing Confidential Information or complying with its record-keeping requirements.

13. If any party is served with a subpoena or Court Order requiring the disclosure of any Confidential Information, that party shall notify all other parties to this action in writing c/o each party's respective counsel of record via facsimile and overnight mail within three business days of being served with such subpoena or Court Order.

AGREED:

NUVASIVE, INC.
and THERMAL SURGICAL, LLC,

By their attorneys,

 _/s/Christopher W. Cardwell_____
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Michael S. Batson (BBO #648151)
mbatson@hermesnetburn.com
Matthew E. Bown (BBO #687184)
mbown@hermesnetburn.com
HERMES, NETBURN, O'CONNOR &
SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052

Christopher W. Cardwell, Esq. (*pro hac vice* forthcoming)
ccardwell@gsrm.com
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
Tel: (615) 244-4994
Fax: (615) 256-6339

A2 MEDICAL, INC.

By its attorneys,

/s/ *Mark W. Batten*
―――――――――――――――――――――
Mark W. Batten (BBO No. 566211)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899
Email: mbatten@proskauer.com

## ORDER

The above Stipulation of the parties is **HEREBY ENTERED** as an Order of the Court.

Dated: 6/2/2017          *[signature]*
                          Richard B. Stearns
                          United States District Judge